UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                  Plaintiff,

                                                                                                      DECISION AND ORDER

                                                                                                       04-CR-6083L

                                  v.

WENDY ANN WEEKS,

                                  Defendant.
_____

      This Court sentenced the defendant, Wendy Ann Weeks ("Weeks"), on August 12, 2004, on two separate charges to 37 months imprisonment, to run concurrently. Weeks had pleaded guilty to a one-count information charging the uttering of counterfeit obligations in the Western District of New York in violation of 18 U.S.C. § 472. That activity occurred on February 21, 2004. Weeks also pleaded guilty to an indictment also charging a violation of § 472 which occurred in the Central District of California and was prosecuted here by means of Rule 20, FED. R. CRIM. PROC.

      That judgment was appealed. Shortly after the United States Supreme Court's decision in *United States v. Booker,* 543 U.S. _____, 125 S.Ct. 738 (January 12, 2005), the parties stipulated to withdraw the appeal. By order entered February 7, 2005, the Second Circuit Court of Appeals granted the motion and ordered the appeal withdrawn, "without prejudice to timely reinstatement

after disposition by the district court of defendant-appellant's request for re-sentencing." The mandate issued on March 9, 2005.

I treat the Second Circuit's order in this case as a remand pursuant to *United States v. Crosby*, 397 F.3d 103 (2005) to provide the District Court with an opportunity to determine whether it would have sentenced the defendant differently in light of *Booker*. The Second Circuit's decision in this case, unlike some others that I have received, does not direct the Court to vacate the prior sentence and resentence the defendant.

This Court directed Weeks and the Government to submit sentencing memoranda on both procedural and substantive issues. I have reviewed those submissions. I have also reviewed the original judgment and commitment, the plea agreement filed May 7, 2004, the original presentence report ("PSR") and my sentencing notes, which I prepared for the original sentence on August 11, 2004.

In addition, I have reread *Booker* and the cases discussing its implementation in the Second Circuit, and have considered all the sentencing factors listed at 18 U.S.C. § 3553(a). I understand, of course, that the United States Sentencing Guidelines are advisory.

The plea agreement in this case anticipated that Weeks had a Criminal History Category of III and, with an Offense Level of 14, her range of imprisonment was 21 to 27 months. The PSR, however, determined that several enhancements applied which raised Weeks' Offense Level, 5 levels, to a Level 19 with a resulting Guideline range of 37 to 46 months.

The Probation Department added 3 points, pursuant to Guideline Section 2J1.7 because Weeks committed the uttering offense in the Western District of New York while she was on release

in California on pending federal charges there. The Probation Department also added a 2 point enhancement under Guideline Section 3C.1.1 for obstruction of justice. This was based on the determination that Weeks fled from California on the very day, July 10, 2003, that she was ordered to reside at a residential drug treatment facility. Weeks was released to that facility and within hours fled and remained a fugitive until she was arrested in this District after committing a new offense. At sentencing, I accepted and adopted both enhancements and sentenced Weeks to the low end of the resulting Guideline range, 37 months.

Whether the Guidelines are now advisory or not, I see no basis to change my original sentence. Weeks repeat conduct involving passing counterfeit notes in several jurisdictions warrants this sentence. The fact that she fled from California while charges were pending, and the fact that she committed the uttering offense here in the Western District of New York while on release from the California case, warrants consideration at sentencing. While the original Guideline range was 21 to 27 months, the actual sentence of 37 months, in my view, was warranted at the time of the initial sentence and is warranted now. I have considered all the factors under § 3553(a), and it would not change my sentence in any respect. In light of all the facts, I believe the 37-month sentence to be a reasonable one and, although, I believe that I could now impose a more onerous sentence, I decline to do so here.

## CONCLUSION

Defendant's motion for a resentencing is denied. Pursuant to *United States v. Crosby,* 397 F.3d 103 (2d Cir. (2005), I decline to modify or change my prior sentence and state that the sentence

imposed in this case on August 11, 2004 would be imposed now under the principles enunciated in *United States v. Booker, supra.*

     IT IS SO ORDERED.

                                                DAVID G. LARIMER
                                       United States District Judge

Dated: Rochester, New York
       June 15, 2005.